## Johanna Ryan v. City of Chicago.

1. INSTRUCTIONS—*To Find for the Defendant, When Proper.*—Where the evidence given at the trial, with all the inferences that the jury can justifiably draw from it, is so insufficient to support a verdict for the plaintiff that such a verdict, if returned, must be set aside, the court may direct a verdict for the defendant.

2. CITIES AND VILLAGES—*Defects in Sidewalks—No Notice, No Liability.*—There is no liability in a case for a defective sidewalk unless the city has actual notice of a defect, or unless such defect has existed for such a length of time that the city authorities will be presumed to have known of such defect.

3. SAME—*Damnum Absque Injuria.*—Where there is no testimony tending to establish any wrongful act, negligence or omission on the part of city authorities or any one connected with its business or affairs, which has in any degree tended to cause an injury, such injury must be regarded as an accident for which the injured person can claim no indemnity. It is *damnum absque injuria,* a loss without a wrong, for which the law gives no remedy.

Trespass on the Case, for personal injuries. Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict for defendant by direction of the court. Error by plaintiff. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed November 18, 1898.

BLAISDELL & McCASKILL, attorneys for plaintiff in error.

MILES J. DEVINE and MATHEW P. BRADY, attorneys for defendant in error.

Ryan v. City of Chicago.

MR. JUSTICE HORTON delivered the opinion of the court.

About 11:30 A. M., May 21, 1896, plaintiff in error was injured when passing along the sidewalk on the west side of Leavitt street in said city. The walk was made of pine plank, about two inches in thickness, laid transversely and about two feet from the ground. When plaintiff in error was thus passing, one of these planks, as she stepped upon it, broke, and her foot went down through the walk in the hole made by the breaking of the plank, and apparently she was severely injured. At the conclusion of the testimony offered on the part of the plaintiff in error, and at the instance of defendant in error, the court instructed the jury to find the defendant in error not guilty, which was done, and final judgment was entered upon such verdict. It is to reverse this judgment that the case is brought to this court.

The only point made and argued by plaintiff in error in this court, is that the trial court erred in instructing the jury to find for the defendant.

In Simmons v. C. & T. R. R. Co., 110 Ill. 340, 346, Mr. Justice Sheldon states the now well-established rule in this State in regard to such an instruction very clearly. He says: "But we think the more reasonable rule, which has now come to be established by the better authority, is, that where the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is so insufficient to support a verdict for the plaintiff that such a verdict, if returned, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant."

Testing the actions of the trial court in the case at bar by this rule, no error is perceived. A city is not liable for an injury unless there has been some negligence on the part of the city authorities. There is no right to damages when there is no wrong. There is no liability in a case like this unless the city had actual notice of a defect in the walk—or unless a patent or apparent defect has existed for such a length of time that the city authorities will be presumed to

have known of such defect—or if there be only a latent defect which would not be discovered by the exercise of ordinary and reasonable care, and no notice thereof to the city.

It seems from the testimony that one of the planks in this walk had decayed on the under side, so that when the plaintiff in error stepped upon it, it broke, thus causing the injury. There is no evidence as to the length of time this sidewalk had been laid. Nor is there any evidence as to there being any appearance of any weakness or defect except that some of the witnesses speak of it as being "shaky." The plank which broke was apparently sound on the upper side. One of the witnesses, in response to questions by the court, says that she saw no hole in the sidewalk, and that "as far as you could see, the top of it was all right." The testimony does not show or indicate any patent defect which would be discovered by the exercise of ordinary and reasonable care. Nor is there any proof tending to show that the city authorities had actual notice of any defect whatever in this sidewalk. Nor is there any testimony tending to establish as a fact that there was any defect in it, as a result of which plaintiff in error was injured, which had existed for such a length of time that the city authorities would be presumed to have knowledge of it.

There is no testimony tending to establish any wrongful act, or any negligence or omission on the part of the city authorities or any one connected with the business or affairs of the city, which in any degree tended to cause the injury to the plaintiff in error. Her injury must be regarded as an accident for which she can not claim indemnity. It is *damnum absque injuria*—a loss without a wrong, for which the law gives no remedy.

The judgment of the Superior Court is affirmed.